IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re : Chapter 11
:
VERTIS HOLDINGS, INC., et al., : Case No. 12-12821 (CSS)
:
Debtors.[1] : Jointly Administered
:
: Re: D.I. 2319, 2320, 2333, 2334, 2338, 2339, 2340,
: 2341, 2342, 2343, 2344, 2349, 2354
:
---------------------------------------------------------------x

**ORIGINAL**

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 305, 349, 554, AND 1112(b) AND FED. R. BANKR. P. 1017(a) DISMISSING THE DEBTORS' CHAPTER 11 CASES AND GRANTING RELATED RELIEF

Upon consideration of the motion, dated November 12, 2015 (the "Motion"),[2] of the Debtors for entry of an order pursuant to sections 105(a), 305, 349, 554, and 1112(b) of title 11 of the Bankruptcy Code, and Bankruptcy Rule 1017(a) seeking entry of an order dismissing the Debtors' chapter 11 cases and granting certain related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b) and the *Amended Standing Order of Reference* dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may enter a final order; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient; and the Court having conducted a hearing on the Motion, at which time all parties in interest were given an

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Vertis Holdings, Inc. (1556); Vertis, Inc. (8322); ACG Holdings, Inc. (5968); Webcraft, LLC (6725); American Color Graphics, Inc. (3976); Vertis Newark, LLC (6726); Mail Efficiency, LLC (4382); and 5 Digit Plus, LLC (8690). The Debtors' mailing address is: P.O. Box 17102, Baltimore, MD 21297.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

opportunity to be heard; and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and any objections filed with respect to the Motion having been withdrawn or overruled by the Court, except the informal objections of Riverside, all of which are addressed and resolved by the terms of this Order; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Each of the objections filed with the Court in response to the Motion at D.I. 2333, 2334, 2338, 2339, 2340, 2341, 2342, 2343, 2344, 2349, 2354 is hereby OVERRULED on the merits and DENIED.

3. The (i) Original Dismissal Motion and (ii) *Motion for an Order Limiting Notice With Respect to "Motion of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a), 349, 363(b), 554, and 1112(b) and Fed. R. Bankr. P. 1017(a) Dismissing the Debtors' Chapter 11 Cases and Granting Related Relief"*, filed on November 12, 2015 [D.I. 2320] are both hereby ordered WITHDRAWN as moot.

4. Pursuant to section 1112(b) of the Bankruptcy Code, the Debtors' chapter 11 cases are hereby dismissed effective as of **11:59 p.m. (Eastern Standard Time) on December 11, 2015** (the "Dismissal Date and Time").

5. Pursuant to sections 349 and 350(a) of the Bankruptcy Code, the Debtors' chapter 11 cases are hereby dismissed and ordered closed effective as of the Dismissal Date and Time, and a final decree is hereby granted for the Debtors' chapter 11 cases effective as of the Dismissal Date and Time; provided, however, that notwithstanding the dismissal of the chapter 11 cases, this Court shall retain jurisdiction with respect to (i) any matters, claims, rights, or

2

disputes arising from or relating to the implementation of this or any other Order of this Court entered in and incident to the chapter 11 cases, and (ii) the adversary proceeding docketed in this Court as Adv. Proc. No. 12-51176 (CSS) (the "Adversary Proceeding"), including ~~all~~ (any remand from appeals ~~and remand~~s any therefrom.

6. All parties (including all Professionals) in these chapter 11 cases holding a prepetition retainer received from the Debtors, other than Milbank, Tweed, Hadley & McCloy LLP, that are still holding retainer funds after full payment of their final fees and expenses in the amounts ultimately approved by this Court on a final basis are authorized and directed to remit such remaining funds directly over to the Prepetition Term Loan Administrative Agent, for the benefit of the Prepetition Term Loan Lenders, promptly after (i) the occurrence of the Dismissal Date and Time for those parties who will not or are not required to file a final fee application in these cases, or (ii) the appeal period has expired with respect to such party's final fee order. Any party (including, without limitation, any of the Professionals) remitting the balance of its retainer to the Prepetition Term Loan Administrative Agent, for the benefit of the Prepetition Term Loan Lenders, pursuant to this paragraph 6 shall either (i) make such retainer refund check payable to "Morgan Stanley Senior Funding, Inc., as agent for the Vertis Prepetition Term Lenders" and shall send such retainer refund check to the attention of the Prepetition Term Loan Lenders care of their counsel, "Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, New York 10005 (Attn: Gerard Uzzi, Esq.)"; or (ii) wire such retainer refund directly to the Prepetition Term Loan Administrative Agent, for the benefit of the Prepetition Term Loan Lenders, using such wire instructions as counsel for the Prepetition Term Loan Administrative Agent may supply.

7. Notwithstanding section 349 of the Bankruptcy Code, all prior Orders of this

Court entered in and incident to the chapter 11 cases shall remain in full force and effect and shall survive the dismissal of the chapter 11 cases.

8. The Debtors shall pay any outstanding fees due to the U.S. Trustee arising in their chapter 11 cases under chapter 123 of title 28, United States Code, 28 U.S.C. §§ 1911-1930, estimated to be incurred through the Dismissal Date and Time no later than **December 11, 2015.**

9. The Debtors are authorized and directed to transfer the balance in the Utility Deposit Account to the Prepetition Term Loan Agent, for the benefit of the Prepetition Term Loan Lenders, no later than **December 11, 2015.**

10. Upon the 30th day after entry of a final, nonappealable order closing the Adversary Proceeding (including all appeals therefrom) (the "Dissolution Date"), any remaining members of the board of directors, managers, members, and/or officers as of that time, as the case may be, of each of the Debtors shall be deemed to have resigned.

11. Upon the Dissolution Date, each of the Debtors that is a corporation organized under the Delaware General Corporation Law (the "Corporate Debtors") shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of each of the Corporate Debtors or any payments, including, without limitation, the payment of any franchise or similar taxes to the state or commonwealth of incorporation or organization of such entity; provided, however, that the Debtors shall take no action to dissolve the Corporate Debtors prior to the Dissolution Date; provided, further, however, that to the extent necessary on or after the Dissolution Date, any officer or director of the Corporate Debtors serving in that capacity as of the Dissolution Date is hereby authorized, pursuant to section 303 of the Delaware General Corporation Law (or such other applicable state's similar law), to execute documentation to allow for the Corporate Debtors to dissolve under applicable state law

4

RLF1 13459760v.4

irrespective of the date on which such documentation is actually executed and filed with the applicable governmental unit to effectuate such dissolutions and to otherwise wind-up the Debtors' affairs in accordance with applicable law.

12. Upon the Dissolution Date, each of the Debtors that is a limited liability company organized under the Delaware Limited Liability Company Law (the "LLC Debtors") shall be deemed dissolved for all purposes under the Delaware Limited Liability Company Law without the necessity for any other or further actions to be taken by or on behalf of each of the LLC Debtors or any payments to be made to any party by such LLC Debtors; provided, however, that the Debtors shall take no action to dissolve the LLC Debtors prior to the Dissolution Date.

13. The Debtors, their remaining employees, and advisors, including, without limitation, A&M, are hereby authorized, in their sole and exclusive judgment, to abandon and destroy or otherwise dispose of the Documents as soon as practicable following entry of this Order, provided, however, that to the extent any records to be abandoned or destroyed contain records of the Vertis Consolidated Pension Plan or the Dunkirk Printing Pressmen & Assistants Union Local #191 Pension Plan sponsored by the Debtors (the "Pension Plans") or employment records of Pension Plan participants, the Debtors shall store and preserve documents until the Pension Benefit Guaranty Corporation ("PBGC") has completed its investigation regarding the Pension Plans and shall make such documents available to the PBGC for inspection and copying. Such documents include, but are not limited to, any Pension Plan governing documents, actuarial documents, and employment records (collectively, the "Pension Plan Documents"). The Debtors shall retain and not abandon any Pension Plan Documents until the PBGC has completed its investigation, provided, further, however, that the Debtors may not abandon, destroy, or otherwise dispose of any Documents in their possession (to the extent that the Debtors even have

any such Documents in their possession), in whatever media they exist, that refer or relate to:

 (i) environmental remediation at the Debtor's former business premises located at 1980 US Highway 1 in the Town of North Brunswick, New Jersey ("Premises"), under and in connection with New Jersey Department of Environmental Protection ISRA Case No. E20070128 (and the contamination and related conditions that triggered and required such remediation) ("ISRA Case"), unless and until the ISRA Case is closed;

 (ii) all performance due under the Post-Closing Agreement by and among Webcraft, LLC, Vertis, Inc. and 1980 US Hwy 1 LLC ("1980 US"), dated September 28, 2007 ("Post-Closing Agreement"), has been completed;

 (iii) all "remediation" (as defined in the Post-Closing Agreement) relating to the Premises has been finally completed;

 (iv) any disputes concerning the ISRA Case, the Post-Closing Agreement, and/or applicable law have been finally determined; and

 (v) any and all claims and defenses asserted in the Adversary Proceeding, including but not limited to claims asserted in the proposed amended complaint that was the subject of the Motion for Leave to Amend, to the extent that such Documents have not previously been produced to Riverside.

14. Upon the occurrence of the Dismissal Date and Time, KCC's services as claims agent for the Debtors shall be terminated.

15. In accordance with Local Rule 2002-1(f)(ix), within thirty (30) days of the occurrence of the Dismissal Date and Time, KCC shall forward to the Clerk of the Court (i) an updated list of creditors with respect to the Debtors' chapter 11 cases in .txt format as specified in the *Clerk's Office Instructions and Guidelines*, (ii) an updated Bankruptcy Rule 2002 notice list with respect to the Debtors' chapter 11 cases in .txt format, (iii) a final claims register in both alphabetical and numerical order in paper and .pdf format, and (iv) all original proofs of claim and an updated mailing list. KCC shall be permitted to charge its fees and expenses incurred for the services to be rendered pursuant to this paragraph 15 of this Order against the KCC Retainer, with the balance of the KCC Retainer following the application of such fees and costs, if any, to be remitted by KCC to the Prepetition Term Loan Administrative Agent, for the benefit of the

Prepetition Term Loan Lenders, within forty-five days of the occurrence of the Dismissal Date and Time.

16. From and after the Dismissal Date and Time, the Prepetition Term Loan Lenders shall not be liable for any funding of, or the making of any payments related to, or obligations of, the Debtors' estates, including, without limitation, payment of any claims of any creditors of the Debtors, none of which shall be chargeable to, or be the responsibility of, the Prepetition Term Loan Lenders, **provided, however**, that this paragraph shall not affect the rights or obligations of any persons or entities concerning the *Irrevocable Standby Letter of Credit #3100915* issued in the amount of $230,080.00 for the benefit of 1980 US to secure the performance of certain environmental remediation obligations relating to the Premises ("Environmental LC") and the proceeds thereof.

17. For the avoidance of doubt, nothing in this Order shall in any way discharge, release, impair, or limit the Prepetition Term Loan Lenders' claims against the Debtors or the Prepetition Term Loan Lenders' security interests in and liens on the Debtors' assets. Following entry of this Order, any and all security interests and liens shall continue to attach to all assets of the Debtors, with the same priority, validity, force, and effect as they now have against the assets of the Debtors. The foregoing includes and fully preserves, without limitation, the Prepetition Term Loan Lenders' rights with respect to, and interests in, (i) the Environmental LC and the proceeds thereof, (ii) the Debtors' interests in the Transfer Tax Escrow (as defined in the APA) and the Debtors' share of the proceeds thereof, and (iii) the Debtors' interests in the Funds (as defined in the Dormant Funds Motion) and the proceeds thereof. Following the occurrence of the Dismissal Date and Time, all parties who owe monies or are otherwise obligated to the Debtors are hereby authorized and directed to pay any and all such monies and otherwise render

such performance to the Prepetition Term Loan Administrative Agent, for the benefit of the Prepetition Term Loan Lenders.

18. To the extent applicable, Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure are waived, and this Order shall be effective and enforceable immediately upon entry.

Dated: December 8, 2015
        Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 13459760v.4